## Commonwealth *v.* Jefferson, Appellant.

Argued September 13, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*William E. McDaniels,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Welsh S. White,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 15, 1967:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Defendant was read a statement of one John Hughes which indicated that Hughes and defendant had perpetrated the robbery in question. The police officer testified that after hearing the statement, appellant, "stated that he was glad it was all over; he was glad that he was apprehended. He said he was tired of running—he was afraid every minute." This statement was admitted into evidence at trial.

Defendant argues that this response was introduced as a tacit admission. The Commonwealth argues, however, that recent cases relating to tacit admissions apply only to silence in the face of an accusation. I cannot agree with the Commonwealth. It is clear to me that the rules relating to tacit admissions apply equally to cases in which an accused remains silent and those in which he makes an equivocal statement which is deemed a failure to deny. See Note, 79 Harvard L. Rev. 936, 1040 (1966). Accordingly, the eliciting of the admission would warrant the granting of a new trial. See *Commonwealth ex rel. Shadd v. Myers,* 423 Pa. 82, 223 A. 2d 296 (1966); *Commonwealth v. Dravecz,* 424 Pa. 582, 227 A. 2d 904 (1967); *Common-*

*wealth ex rel. Staino v. Cavell*, 425 Pa. 365, 228 A. 2d 647 (1967).

The more serious question, in my opinion, is whether the new rule excluding the use of tacit admissions may be applied in this case where the motion for new trial was denied in 1959. The Supreme Court of Pennsylvania in the *Staino* case, supra, held that the rule excluding such evidence is only applicable to cases in which judgment was not finalized on or before June 13, 1966. In the instant case, no appeal was taken subsequent to the denial of post-trial motions. However, eight years later, the lower court allowed this appeal nunc pro tunc. The question to be answered, therefore, is whether judgment has been finalized where an appeal is allowed several years later.

The Supreme Court of the United States in *Linkletter v. Walker*, 381 U.S. 618, 622, n. 5 (1965), explained: "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari had elapsed. . . ."

The Commonwealth assumes that if appeals and petitions for certiorari had been filed in this case at the proper time, judgment would certainly have been finalized by June 13, 1966. To base our decision on such an assumption, however, would require that we hold that cases tried before an arbitrary date would have been finalized by June 13, 1966. Perhaps we can do so with respect to cases tried in 1958 and 1959. There is greater uncertainty, however, when considering cases tried in 1963 and 1964. We should not place ourselves in a position in which we extend or withdraw constitutional rights as a result of our computating of the average time required to finalize a judgment. A rule based on such an arbitrary determination would be without any logical or legal support.

On the other hand, defendant here comes squarely within the concept of "finality". He is taking a direct appeal and his judgment, therefore, can, in no respect, be viewed as final. He should, therefore, be accorded the full benefits extended under *Shadd, Dravecz* and *Staino*.

I would reverse and grant a new trial.

MONTGOMERY, J., joins in the dissent.